UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ UNITED STATES OF AMERICA,            │
│                                      │
│        -v-                           │
│                                      │
│ JEREMIAH YOUNG,                      │
│                                      │
│                 Defendant.           │
└─────────────────────────────────────┘
```

20-cr-499-2 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Defendant Jeremiah Young, acting pro se, has moved for early termination of his term of supervised release. ECF No. 104. As relevant here, following Young's guilty plea, the Court sentenced Young to a term of imprisonment, to be followed by three years' supervised release. ECF No. 105 at 3. Young has completed approximately one year of his supervised release. Id. at 4. For the reasons that follow, the Court denies Young's motion.

I.   Background

The Government initially charged Young with conspiring to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). ECF No. 105 at 3. Young eventually pled guilty to the lesser-included offense of conspiring to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

In February 2022, the Court sentenced Young to 84 months' imprisonment, to be followed by three years' supervised release. Id.; ECF No. 58; ECF No. 63. In February 2025, Young commenced his

1

term of supervised release. ECF No. 105 at 3. In late February 2026, Young moved for early termination of his supervised release. ECF No. 104. The Government opposes the motion. ECF No. 105. The Government's opposition notes that Young's supervising Probation Officer also recommends denying the motion. See ECF No. 105 at 4.

## II.  Discussion

Courts can terminate a term of supervised release following one year of supervision if, "after considering the factors set forth" in 18 U.S.C. § 3553(a), "such action is warranted by the conduct of the defendant . . . and the interests of justice." 18 U.S.C. § 3583(e)(1). The relevant Section 3553(a) factors direct courts to consider "deterrence, public safety, rehabilitation, proportionality, and consistency." United States v. Lussier, 104 F.3d 32, 35-36 (2d Cir. 1997). Early termination is warranted where "new or unforeseen circumstances . . . render a previously imposed term or condition of release . . . either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Id.

Young's motion is based on (1) his full compliance with his supervisory conditions, (2) clean disciplinary record while incarcerated, (3) steps toward professional success, and (4) his commitment to "lawful living," which he believes obviates the need for continued supervision. ECF No. 104 at 4.

While the Court applauds the supervisee's steps towards rehabilitation, the considerations listed in his motion alone do not outweigh the benefits of supervised release here. Full compliance with the terms of supervision is "expected" of the defendant and does not warrant early termination. United States v. Rasco, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000). Further, Young has an extensive criminal history, including instances of recidivating while on supervised release, ECF No. 105 at 2-3. The Government also notes that Young signed a false affidavit after his sentencing. ECF No. 105 at 5 n.3 (citing ECF No. 74 at 34). These facts, considered within the Section 3553(a) context, cut strongly against early termination.

The Government devotes a significant portion of its opposition to noting that Young remains unemployed and without a legitimate source of income, heightening his risk of recidivism. ECF No. 105 at 5. Young disputes this contention, explaining that he has had a material change in his employment status because he now has a Commercial Driver's License, which "provid[es] immediate access to stable, full-time employment in a high-demand industry." ECF No. 106 at 3. But even accepting Young's contention that employment looms, he remains unemployed now, creating the very incentives for a return to criminal activity that the Court declines to endorse.

III. Conclusion

Young has completed one year of his three-year supervised release term. All the parties, including his Probation Officer, agree that he has done so in a satisfactory manner. But his criminal history, lack of stable income, Probation Officer's recommendation against termination, and failure to identify any new and unforeseen circumstances that justify an early end to his term of supervised release weigh in favor of continued supervision.

Accordingly, Young's motion is denied. The Clerk's Office is respectfully directed to close ECF No. 104.

SO ORDERED.

New York, NY
April 17, 2026

JED S. RAKOFF, U.S.D.J.

4